IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES, | No. CR 08-00886 SI |
| Plaintiff-Respondent, | **ORDER** |
| v. | |
| YUSEF STERLING, | |
| Defendant-Petitioner. | |

On February 28, 2011, defendant-petitioner Yusef Sterling filed an application to proceed in forma pauperis ("IFP") on appeal. Doc. 44. The same day, Mr. Sterling filed a notice of appeal of a November 9, 2010 order denying Mr. Sterling's Section 2255 motion to vacate, set aside, or correct his sentence. Doc. 45.

The Honorable Vaughn R. Walker presided over Mr. Sterling's criminal case and denied Mr. Sterling's motion to vacate. Doc. 40. Judge Walker also denied a motion for reconsideration. Doc. 42. He neither issued nor specifically declined to issue a certificate of appealability. Judge Walker has since retired. Mr. Sterling's application to proceed in forma pauperis was referred to this Court in its capacity as General Duty Judge, along with a request from the court clerk's office to issue the requisite certificate or statement regarding appealability.

IFP applications are reviewed pursuant to 28 U.S.C. § 1915. The Court must ensure that the applicant states cognizable, non-frivolous claims or defenses. *Id.* § 1915(e)(2)(B). Mr. Sterling's contention in his Section 2255 motion was that the passage of the Fair Sentencing Act into law rendered his original sentence illegal. *See* Doc. 38. The motion was denied because Mr. Sterling entered into a plea agreement in which he waived his right collaterally to attack his sentence under Section 2255.

*See* Doc. 28 ¶ 5. Mr. Sterling has failed to state a cognizable, non-frivolous claim or defense, and his IFP application is DENIED.

For the same reason, the Court will not issue a certificate of appealability.[1] Because reasonable jurists would not find the assessment of the issue raised in the motion debatable or wrong, the Court declines to issue a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Mr. Sterling's application to proceed in forma pauperis is DENIED. Doc. 44. The Court will not issue a certificate of appealability. The Clerk shall forward to the court of appeals the case file with this order. *See United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997).

**IT IS SO ORDERED.**

Dated: April 22, 2011

SUSAN ILLSTON
United States District Judge

---

[1] A movant's right to appeal the denial of his § 2255 motion is governed by 28 U.S.C. § 2253(c), which states,

> (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from-
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c)(1)-(3).